IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRIDGET COBURN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE KROGER CO.,<br><br>Defendant. | Case No. 4:23-cv-01399-JMB |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS, OR, IN THE
ALTERNATIVE, TO STAY ACTION**

Defendant The Kroger Co. (Kroger), by and through undersigned counsel, respectfully submit this Memorandum in Support of its Motion to Dismiss for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6), or, in the Alternative, to Stay this Action.

DAVIS WRIGHT TREMAINE LLP
Jacob M. Harper (*pro hac vice* pending)
Heather F. Canner (*pro hac vice* pending)
Peter K. Bae (*pro hac vice* pending)
865 S. Figueroa Street, Suite 2400
Los Angeles, CA 90017-2566
Tel: (213) 633-6800
jacobharper@dwt.com
heathercanner@dwt.com
peterbae@dwt.com

DAVIS WRIGHT TREMAINE LLP
Kimberly M. Bousquet (#56829MO)
1300 SW Fifth Avenue, Suite 2400
Portland, OR 97201-5610
Tel: (503) 241-2300
kimbousquet@dwt.com

*Attorneys for Defendant The Kroger Co.*

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................ 1

II. BACKGROUND .................................................................................................................. 3

    A. Kroger Sells Smoked Gouda Products. ................................................................... 3

    B. Ms. Coburn Files the Present Action in Missouri, Claiming She Purchased Smoked Gouda Based on a Representation the Label Does Not Make. ................. 4

    C. Ms. Coburn's Counsel Files, then Voluntarily Dismisses, At Least Eight Boilerplate Smoked Gouda Complaints. ................................................................. 4

    D. Ms. Coburn's Attorneys File a Near-Identical Smoked Gouda Action in California Based on the Same Product and Representations at Issue Here. ............ 5

III. THE COURT SHOULD DISMISS THE CLAIMS WITH PREJUDICE. ......................... 6

    A. Ms. Coburn Cannot Satisfy the Reasonable Consumer Test. ................................. 6

        1. Legal Standards Under MMPA and Breach of Warranty. .......................... 6

        2. Ms. Coburn Fails to Meet the Standard. ..................................................... 6

            a. No Affirmative Misrepresentations. ............................................... 6

            b. No Material Omissions. .................................................................. 8

    B. Ms. Coburn's Claims Are Expressly Preempted. .................................................... 9

        1. The FDCA's Broad Express Preemption Provision. ................................... 9

        2. FDA Regulations Only Require "Flavored" Disclosures in Specific, Inapplicable Circumstances. ....................................................... 9

        3. FDA Regulations Preempt Ms. Coburn's Claims. .................................... 10

    C. Ms. Coburn Fails to Satisfy Rule 9(b). .................................................................. 11

IV. IN THE ALTERNATIVE, THE COURT SHOULD STAY. ............................................ 12

    A. Under the First-Filed Rule, The Court Should Stay the Action. ........................... 12

    B. The Court Should Exercise Its Inherent Discretion to Stay This Action. ............. 14

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Asarco, LLC v. NL Indus., Inc.*,
    2013 WL 12177089 (W.D. Mo. Mar. 18, 2013) ............................................................... 14, 15

*Avigne v. The Kroger Co.*,
    No. 2:22-cv-11889 (E.D. Mich. filed Aug. 13, 2022) ............................................................. 4

*Baryo v. Philip Morris USA, Inc.*,
    435 F. Supp. 2d 961 (W.D. Mo. 2006) .................................................................................. 11

*Bell v. Annie's, Inc.*,
    --- F. Supp. 3d ----, 2023 WL 3568623 (E.D. Mo. May 18, 2023) ......................................... 6

*Bennett v. Berg*,
    685 F.2d 1053 (8th Cir. 1982) ................................................................................................ 11

*Brockington v. Dollar Gen. Corp.*,
    -- F. Supp. 3d --, 2023 WL 6317992 (S.D.N.Y. Sept. 28, 2023) ........................................... 10

*Brownell v. The Price Shopper, Inc.*,
    No. 006951/2023 (N.Y. filed July 7, 2023) ............................................................................. 5

*Buechler v. Albertsons Cos.*,
    No. 1:22-cv-2717 (D. Md. filed Oct. 21, 2022) ....................................................................... 5

*Cardenasso v. Metro. Life Ins. Co.*,
    2014 WL 1510853 (N.D. Cal. Apr. 15, 2014) ....................................................................... 13

*Castle v. The Kroger Co.*,
    634 F. Supp. 3d 539 (E.D. Wis. 2022) ..................................................................................... 9

*Castle v. The Kroger Co.*,
    No. 2:21-cv-1171 (E.D. Wis. filed Oct. 8, 2021) ............................................................... 5, 14

*Chin v. Gen. Mills, Inc.*,
    2013 WL 2420455 (D. Minn. June 3, 2013) ............................................................................ 9

*Clark v. Westbrae Natural, Inc.*,
    2021 WL 1580827 (N.D. Cal. Apr. 22, 2021) ....................................................................... 11

*Comm. Prop. Invs., Inc. v. Quality Inns Int'l, Inc.*,
    61 F.3d 639 (8th Cir. 1995) .................................................................................................... 11

*Dougherty v. Source Naturals, Inc.*,
    148 F. Supp. 3d 831 (E.D. Mo. 2015) .................................................................................. 9

*Evans v. JP Morgan Chase Bank, N.A.*,
    2014 WL 12600285 (W.D. Mo. Feb. 12, 2014) ................................................................... 13

*Fahey v. Whole Foods Market, Inc.*,
    2021 WL 2816919 (N.D. Cal. June 30, 2021) ............................................................... 10, 11

*Ferens v. John Deere Co.*,
    494 U.S. 516 (1990) ............................................................................................................ 14

*Gen. Comm. of Adjustment GO-386 v. Burlington N. R.R.*,
    895 F. Supp. 249 (E.D. Mo. 1995) ...................................................................................... 13

*Grimes v. Ralphs Grocery Co.*,
    No. 2:23-cv-09086 (C.D. Cal filed Aug. 17, 2023) ....................................................... *passim*

*HRB Tax Grp., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*,
    2012 WL 4363723 (W.D. Mo. Sept. 21, 2012) ................................................................... 12

*In re Bisphenol-A Polycarbonate Plastic Prods. Liab. Litig.*,
    687 F. Supp. 2d 897 (W.D. Mo. 2009) .................................................................................. 8

*Kelly v. Cape Cod Potato Chip Co.*,
    81 F. Supp. 3d 754 (W.D. Mo. 2015) ................................................................................ 8, 9

*Kinman v. The Kroger Co.*,
    No. 1:21-cv-1154 (N.D. Ill. filed Feb. 28, 2021) .................................................................. 5

*Lizama v. H&M Hennes & Mauritz LP*,
    2023 WL 3433957 (E.D. Mo. May 12, 2023) ....................................................................... 6

*Merrick Bank Corp. v. Savvis, Inc.*,
    2008 WL 5146660 (E.D. Mo. Dec. 8, 2008) ....................................................................... 14

*Miller v. Nestle Purina Petcare Co.*,
    2014 WL 307271 (E.D. Mo. Jan. 28, 2014) ........................................................................ 12

*Mishkin v. Volkswagen Grp. of Am., Inc.*,
    2022 WL 18664851 (E.D. Mo. Oct. 11, 2022) ............................................................... 12, 13

*Monsanto Tech. LLC v. Syngenta Crop Prot., Inc.*,
    212 F. Supp. 2d 1101 (E.D. Mo. 2002) .......................................................................... 12, 13

*Nw. Airlines v. Am. Airlines*,
    989 F.2d 1002 (8th Cir. 1993) ............................................................................................. 14

iii

*Ostrander v. DST Sys., Inc.*,
  2018 WL 10799300 (W.D. Mo. Feb. 2, 2018) ..................................................................13

*Ruey Lung Enter. Corp. v. Tempur-Pedic Int'l, Inc.*,
  2009 WL 10675241 (C.D. Cal. Sept. 14, 2009) ...............................................................13

*Song v. Champion Petfoods USA, Inc.*,
  2020 WL 7624861 (D. Minn. Dec. 22, 2020)..................................................................7, 8

*Song v. Champion Petfoods USA, Inc.*,
  27 F.4th 1339 (8th Cir. 2022) ......................................................................................6, 7, 8

*Thompson v. Allergan USA, Inc.*,
  993 F. Supp. 2d 1007 (E.D. Mo. 2014)...............................................................................9

*Vesota v. Aldi Inc.*,
  No. 1:21-cv-3574 (N.D. Ill. filed July 3, 2021) ..................................................................5

*Watson v. Dietz & Watson Inc.*,
  No. 1:20-cv-6550 (S.D.N.Y. filed Aug. 17, 2020) .............................................................5

*Weaver v. Champion Petfoods USA Inc.*,
  3 F.4th 927 (7th Cir. 2021) .................................................................................................7

**Statutes**

21 U.S.C. § 343-1(a)(5) ..................................................................................................................9

Food, Drug, and Cosmetic Act (FDCA) ................................................................................ passim

Mo. Rev. Stat.
  § 407.025(2)........................................................................................................................6
  §§ 407.025 *et seq*. (Missouri Merchandising Practices Act) ........................................... passim

**Other Authorities**

21 C.F.R.
  § 101.22.............................................................................................................................10
  § 101.22(i).........................................................................................................................10
  § 101.22(i)(1) ....................................................................................................................10
  § 101.22(i)(1)(i) ...........................................................................................................10, 11
  § 133.193(b)......................................................................................................................10

Federal Rule of Civil Procedure
  9(b)....................................................................................................................3, 6, 11, 12
  12(b)(6) ...................................................................................................................1, 7, 8, 9

**I.      INTRODUCTION**

This copycat action is the latest of at least eight filed by plaintiff Bridget Coburn's attorney, Spencer Sheehan, based on variations of the same frivolous claims as here, that private-label Smoked Gouda products are mislabeled because their ingredients include liquid smoke in addition to being smoked over hardwoods.  Mr. Sheehan has voluntarily dismissed *seriatum* nearly all the others—including cases based on the same product at issue here—after courts or other parties highlighted insurmountable and obvious problems, including most recently that the named plaintiff had never purchased the product at all.  Now, Mr. Sheehan has filed two materially identical cases based again on the same product—first, in California (*Grimes v. Ralphs Grocery Co.*, No. 2:23-cv-09086 (C.D. Cal), filed Aug. 17, 2023), and second, this action in Missouri.  This case, like the others, is rife with defects, and the Court should dismiss the complaint with prejudice, or, in the alternative, stay this action pending the resolution of the first-filed case *Grimes*.

*Grimes*, this case, and the other Gouda Cheese cases spawn from the same place.  Mr. Sheehan has filed several hundred frivolous mislabeling lawsuits in recent years, including many, as here, "without any studies, relevant caselaw, or reasonable interpretations of the wording on the Product label to support the allegations contained within."  (Declaration of Jacob M. Harper, Ex. D (Contempt Order against Mr. Sheehan) at 2–3, 19.)[1]

This time, Mr. Sheehan, along with Ms. Coburn, makes up a representation that does not appear on the label.  Ms. Coburn claims the Smoked Gouda label is misleading because the front label statements "Smoked Gouda" and "distinct, smoky flavor" somehow led her to conclude the Smoked Gouda was smoked "entirely" over hardwoods and not at all by liquid smoke (i.e.,

---

[1] All cites to Exhibits reference the exhibits to the Declaration of Jacob Harper filed concurrently.

smoke flavor).  But the label makes no mention of smoking over hardwoods, and the product discloses "SMOKE FLAVOR" as an ingredient, dispelling any possible expectation that the Smoked Gouda is only smoked over hardwoods.  Making matters worse, the disputed statements are accurate, as they admit, because the Smoked Gouda is in fact "smoked," and does have a "smoky flavor."  Like the other seven Gouda cases—and Mr. Sheehan's collection of other frivolous suits—this case lacks merit.  The Court has several options for dealing with this case:

*Dismissal.*  To discourage the blatant forum-shopping, the Court could grant dismissal of Ms. Coburn's lawsuit with prejudice, which is warranted on multiple grounds:

*Reasonable Consumer Test.*  Ms. Coburn cannot allege reasonable consumers would be misled by the disputed statements, as she must to state her two claims under the Missouri Merchandising Practices Act (MMPA), Mo. Rev. Stat. §§ 407.025 *et seq*., and for breach of express warranty.  As noted, the "Smoked Gouda" and "distinctive, smoky flavor" statements are factually true, and no reasonable consumer would understand these basic statements, which make no mention of hardwoods, to convey the Smoked Gouda is smoked "entirely" over hardwoods and not with liquid smoke.  And the information she contends is "omitted"—the smoking by "SMOKE FLAVOR"—is disclosed in the ingredients list.

*Express Preemption.*  Ms. Coburn's claims are expressly preempted by the Food, Drug, and Cosmetic Act (FDCA), because they would require the Smoked Gouda product to disclose it is "flavored" on the front of the package when the FDCA and its implementing Food and Drug Administration (FDA) regulations expressly permit the Smoked Gouda label to omit that qualifier.  Because her claims would create state law requirements different than those of the FDCA, they are expressly preempted.

*Rule 9(b).*  Ms. Coburn fails to plead her fraud-based MMPA claim with particularity

2

under Fed. R. Civ. P. 9(b).

*Stay.*  In the alternative, the Court should stay this case pending the resolution of Mr. Sheehan's first-filed nearly identical case, *Grimes*.  The first-filed rule warrants a stay of this case, as it is "substantially similar" to the *Grimes* action, and would preserve the parties' and Court's resources in litigating duplicative actions, as well as prevent conflicting rulings.  Plus, doing so would stifle Mr. Sheehan's cynical strategy of playing whack-a-mole with judicial fora.

Kroger respectfully requests the Court dismiss the claims with prejudice, or, in the alternative, stay this action pending the Central District of California's resolution of *Grimes*.

## II.  BACKGROUND

### A.  Kroger Sells Smoked Gouda Products.

Kroger is a grocer with retail stores throughout the United States.  (Compl., ECF No. 1, Ex. 1 ¶¶ 45–46.)  Among other products, Kroger sells private-label cheese products, including its Private Selection Smoked Gouda sliced cheese:



(*Id.* at 1, ¶¶ 1, 30, 32; Ex. A (label).)  The Smoked Gouda's ingredients statement identifies that the cheese contains smoke flavor:

3



(Compl. at 9.)

      **B.    Ms. Coburn Files the Present Action in Missouri, Claiming She Purchased Smoked Gouda Based on a Representation the Label Does Not Make.**

Ms. Coburn alleges she "purchased, used and/or consumed the [Smoked Gouda]." (Compl. ¶ 53.) She "read and relied on the front label statements of 'Smoked Gouda' and 'Distinctive, Smoky Flavor' and the darker colored cheese slices." (*Id*. ¶ 60.) From this, she concluded the product's "smoked taste was entirely from being smoked over hardwoods, instead of only some of its smoked taste being the result of such smoking." (*Id*. ¶ 61.) She admits the Smoked Gouda discloses that it contains "'smoke flavor,' which is smoke condensed into a liquid form," to achieve some of the smoked taste, but argues the Smoked Gouda product "fail[s] to disclose the addition of liquid smoke flavoring." (*Id*. ¶¶ 8, 26.) She brings a putative class action on behalf of Missouri consumers, alleging (1) violations of the MMPA, and (2) breach of express warranty, seeking, e.g., declaratory relief, damages, attorneys' fees, and "[o]ther and further relief as the Court may deem just and proper." (*Id*. at ¶¶ 74–94; *id*. at 18.)

      **C.    Ms. Coburn's Counsel Files, then Voluntarily Dismisses, At Least Eight Boilerplate Smoked Gouda Complaints.**

This lawsuit is far from the first Ms. Grimes's counsel, Spencer Sheehan, has filed based on the same exact product and "misrepresentation" at issue—some of which her counsel already voluntarily dismissed. *Avigne v. The Kroger Co.*, No. 2:22-cv-11889 (E.D. Mich.), filed Aug. 13, 2022 (voluntarily dismissed); *Castle v. The Kroger Co.*, No. 2:21-cv-1171 (E.D. Wis.), filed Oct. 8, 2021 (voluntarily dismissed); *Kinman v. The Kroger Co.*, No. 1:21-cv-1154 (N.D. Ill.),

4

filed Feb. 28, 2021; *Grimes v. Ralphs Grocery Co.*, No. 2:23-cv-09086 (C.D. Cal), filed Aug. 17, 2023.  In each iteration, Mr. Sheehan slightly modifies his allegations, in an attempt to (unsuccessfully) avoid dismissal.  These cases are just a few of his many lawsuits challenging various defendants' smoked gouda products, each of which he likewise voluntarily dismissed.[2]

The most recent ruling in the Kroger cases, in *Castle*, demonstrates the persistent and sanctionable defects in Mr. Sheehan's Smoked Gouda cases.  In *Castle*, the plaintiff, as here, alleged Kroger's "Smoked Gouda" and "distinctive, smoky flavor" statements were misleading. At deposition, Ms. Castle could not testify regarding her purchases, nor identify the product at issue.  (Ex. E (MSJ) at 2.)  Kroger filed a summary judgment motion, confirming the Smoked Gouda was not sold in Wisconsin when Ms. Castle claimed to have purchased it.  (*Id.* at 10, 15; *accord* Ex. F (Opp'n) at 2–4.)  Before the court could rule, Mr. Sheehan voluntarily dismissed.

    **D.**    **Ms. Coburn's Attorneys File a Near-Identical Smoked Gouda Action in California Based on the Same Product and Representations at Issue Here.**

On August 17, 2023, over a month before Ms. Coburn's attorneys filed this action, they filed a near-identical action on behalf of Lyvette Grimes in California against Kroger subsidiary Ralphs Grocery Company (Ralphs) based on the same product and representations at issue.  (Ex. B (Grimes Compl.).)  Ms. Grimes's allegations are identical to Ms. Coburn's—Ms. Grimes sues based on the same "Smoked Gouda" and "distinctive, smoky flavor" label statements and the same Smoked Gouda product, based on the same theory that she believed the Smoked Gouda was "entirely" smoked over hardwoods and not with liquid smoke flavor.  (*Id.* at ¶¶ 1, 24, 30, 50.)  She similarly asserts claims for violation of a consumer protection statute and breach of

---

[2] *E.g.*, *Brownell v. The Price Shopper, Inc.*, No. 006951/2023 (N.Y.), filed July 7, 2023 (voluntarily discontinued); *Buechler v. Albertsons Cos.*, No. 1:22-cv-2717 (D. Md.), filed Oct. 21, 2022 (voluntarily dismissed); *Vesota v. Aldi Inc.*, No. 1:21-cv-3574 (N.D. Ill.), filed July 3, 2021 (voluntarily dismissed); *Watson v. Dietz & Watson Inc.*, No. 1:20-cv-6550 (S.D.N.Y.), filed Aug. 17, 2020 (voluntarily dismissed).

warranty. Ralphs timely removed *Grimes* to the U.S. District Court for the Central District of California. (Ex. C (*Grimes* NOR).) On December 4, 2023, Ralphs filed a Motion to Dismiss.

On September 25, 2023, Ms. Coburn's attorneys filed this action against Kroger in Missouri state court. (Compl., ECF No. 1, Ex. 1.) Kroger timely removed; this motion follows.

## III. THE COURT SHOULD DISMISS THE CLAIMS WITH PREJUDICE.

All of Ms. Coburn's claims should be dismissed with prejudice as (A) the claims fail the reasonable consumer test; (B) the FDCA expressly preempts her claims; and (C) she fails to plead her statutory claims with particularity as required under Rule 9(b).

### A. Ms. Coburn Cannot Satisfy the Reasonable Consumer Test.

Ms. Coburn's claims fail because she fails to allege consumer deception.

#### 1. Legal Standards Under MMPA and Breach of Warranty.

"Claims under the MMPA are governed by the 'reasonable consumer' test" which requires allegations showing "that a 'reasonable consumer' would be misled" by the alleged unlawful conduct. *Lizama v. H&M Hennes & Mauritz LP*, 2023 WL 3433957, at *5 (E.D. Mo. May 12, 2023). In 2020, the MMPA was amended to enumerate the long-established principle that "[a] court may dismiss a claim as a matter of law where the claim fails to show a likelihood that the method, act, or practice alleged to be unlawful would mislead a reasonable consumer." Mo. Rev. Stat. § 407.025(2); *Bell v. Annie's, Inc.*, --- F. Supp. 3d ----, 2023 WL 3568623 (E.D. Mo. May 18, 2023) (dismissing for failure to allege consumer deception). Failure to allege this requirement is also fatal to a breach of warranty claim. *Song v. Champion Petfoods USA, Inc.*, 27 F.4th 1339, 1346 (8th Cir. 2022) (affirming dismissal of warranty claim for no deception).

#### 2. Ms. Coburn Fails to Meet the Standard.

##### a. No Affirmative Misrepresentations.

*First*, the challenged "Smoked Gouda" and "distinctive, smoky flavor" statements cannot

6

mislead a reasonable consumer because they are factually true, and do not actually suggest to reasonable consumers that the product was "entirely" smoked over hardwoods.

"Several district courts [across the country] have held that references to ingredients used [on a food label] do not imply that ingredient is used exclusively." *Weaver v. Champion Petfoods USA Inc.*, 3 F.4th 927, 937 (7th Cir. 2021). Courts in the Eighth Circuit likewise hold the same, dismissing such claims under Rule 12(b)(6). For example, in *Song*, 27 F.4th at 1342, plaintiffs challenged the phrase "fresh regional ingredients" on dog food, alleging the ingredients were not *exclusively* "fresh and regional." The district court dismissed, explaining:

> Just as a statement that mashed potatoes are made with "real butter" does not imply that the *only* fat used is real butter, and just as a statement that graham crackers are made with "real honey" does not imply that the *only* sweetener used is real honey, so too the statement that a bag of dog food contains "fresh regional ingredients" does not imply that it is composed *exclusively* of ingredients that are fresh and regional.

*Song v. Champion Petfoods USA, Inc.*, 2020 WL 7624861, at *7 (D. Minn. Dec. 22, 2020). The Eighth Circuit affirmed dismissal, explaining the "packaging prominently indicates that Champion uses non-fresh and non-regional ingredients…. Moreover, the [] complaint alleged that Champion does, in fact, use some fresh and regional ingredients in its dog food. Thus, Champion's representations … are not clearly misleading—its food does, in fact, contain some ingredients that are fresh and sourced regionally." *Song*, 27 F.4th at 1345; *Weaver*, 3 F.4th at 937 (label statement that food is "made with fresh regional ingredients" would not lead consumer to believe it was *exclusively* made with such ingredients).

Like the plaintiffs in *Song*, Ms. Coburn reads a simple statement about the presence of an ingredient—smoke flavor—to mean it includes only a specific form of that ingredient, despite no such statement on the label. And, like in *Song*, the challenged statements here are actually true, as Ms. Coburn admits. She alleges the Smoked Gouda is in fact ***smoked*** over hardwoods and

7

with condensed liquid smoke, and has a smoky flavor. (*E.g.*, Compl. ¶ 8 ("'[S]moke flavor' … is smoke condensed into a liquid form."); *id.* ¶ 76 ("[I]ts smoked attributes were due in part to added liquid smoke flavoring").) Nothing is false or deceptive about these statements.

Based on these accurate statements, Ms. Coburn makes the unsupported leap to conclude the Smoked Gouda's "smoked taste was *entirely* from being smoked over hardwoods" (Compl. ¶ 61 (emphasis added))—despite the label containing no reference to smoking over hardwoods. But just as the *Song* plaintiffs could not credibly read an accurate "fresh regional ingredients" statement to mean it included *only* "fresh regional" ingredients, Ms. Coburn's interpretation of "Smoked Gouda" and "distinct, smoky flavor" as conveying the product was *smoked only by hardwoods and not at all by liquid smoke* fails as a matter of law. Moreover, like in *Song*, the Smoked Gouda's ingredients list discloses that it was smoked at least in part by "SMOKE FLAVOR," as Ms. Coburn admits, dispelling any possible misinterpretation that it was smoked "entirely" over hardwoods. (*Id*. ¶¶ 8, 26, 32.) Ms. Coburn cannot write words into the label.

### b.   No Material Omissions.[3]

*Second*, Ms. Coburn fails to allege consumer deception based on omission. Where a product label discloses allegedly omitted information—including on an ingredient list, as here—a fraudulent-omission claim is subject to Rule 12(b)(6) dismissal. *See Kelly v. Cape Cod Potato Chip Co.*, 81 F. Supp. 3d 754, 761–62 (W.D. Mo. 2015) (reasonable consumer not deceived where ingredient list dispels claimed deception); *Song*, 2020 WL 7624861, at *9 (same).

Ms. Coburn vaguely alleges Kroger omitted the product's use of smoke flavor. (Compl. ¶¶ 43, 66, 69, 80–82.) To the contrary, the Smoked Gouda discloses in all capital letters in its ingredient list that it includes "SMOKE FLAVOR." (*Id.* ¶ 32.) Her deception claim is thus

---

[3] "Given the absence of any 'affirmation of fact or promise,' [Ms. Coburn] cannot allege an express warranty." *In re Bisphenol-A Polycarbonate Plastic Prods. Liab. Litig.*, 687 F. Supp. 2d 897, 905 (W.D. Mo. 2009).

8

"contradicted by the full disclosure of the challenged ingredients," and should be dismissed accordingly.  *Kelly*, 81 F. Supp. 3d at 762 (dismissing mislabeling claims); *Chin v. Gen. Mills, Inc.*, 2013 WL 2420455, at *7 (D. Minn. June 3, 2013) (same, based on "ingredient list").

### B. Ms. Coburn's Claims Are Expressly Preempted.

Ms. Coburn's claims are also expressly preempted, because they seek to prohibit product labeling the FDCA permits.  She alleges the "Smoked Gouda" and "distinctive, smoky flavor" statements are misleading because they "fail to disclose the addition of liquid smoke flavoring." She contends the label must include the term "flavored," e.g., "natural smoke flavored Gouda," pursuant to FDA regulations that make clear no such disclosures are required here.  As her claims seek to add new labeling requirements, they are preempted.[4]

#### 1. The FDCA's Broad Express Preemption Provision.

The FDCA expressly preempts any state law "requirement [for the labeling of food] that is not identical to" its requirements.  21 U.S.C. § 343-1(a)(5).  "To avoid preemption under the [FDCA], Plaintiffs['] state law claim must [therefore] fit in a narrow gap. … The Eighth Circuit … has affirmed the dismissal of actions on federal preemption grounds at the pleading stage." *Dougherty v. Source Naturals, Inc.*, 148 F. Supp. 3d 831, 835 (E.D. Mo. 2015); *Thompson v. Allergan USA, Inc.*, 993 F. Supp. 2d 1007, 1011, 1014 (E.D. Mo. 2014) (granting Rule 12(b)(6) motion; FDA regulations preempted state claims).

#### 2. FDA Regulations Only Require "Flavored" Disclosures in Specific, Inapplicable Circumstances.

To begin, Section 133.193(b) states a cheese name "shall include …the varietal name of the natural cheese [and] a declaration of any flavor … that characterizes the food, in the manner

---

[4] In *Castle v. The Kroger Co.*, 634 F. Supp. 3d 539, 553–54 (E.D. Wis. 2022), the court declined to address Kroger's preemption argument in a Motion for Judgment on the Pleadings because it was not asserted as an affirmative defense, and because it actually concerned whether a private right of action existed under Wisconsin law for an alleged violation of the FDCA.

9

prescribed in § 101.22 of this chapter." Here, the varietal is "Gouda," and, according to Ms. Coburn, the "flavor" is "smoke." In turn, Section 101.22 authorizes "representations with respect to the primary recognizable flavor" without a disclosure that the product is "flavored," unless it falls into one of enumerated "except[ions]." 21 C.F.R. § 101.22(i).

Ms. Coburn points to an exception in Section 101.22(i)(1)(i), which provides two circumstances when a cheese name must use the term "flavored" to signify the use of flavoring derived from an ingredient: ***First***, where the food contains *none* of the characterizing ingredient (i.e., smoke); and ***second***, where the food contains some characterizing ingredient, but "insufficient" characterizing ingredient "to independently characterize the food." 21 C.F.R. § 101.22(i)(1)(i). Apart from these circumstances, the FDCA permits using a characterizing flavor in a product name without adding the qualifier "flavored." 21 C.F.R. § 101.22(i)(1); *Fahey v. Whole Foods Market, Inc.*, 2021 WL 2816919, at *5–6 (N.D. Cal. June 30, 2021) (claim requiring "flavored" qualifier preempted where § 101.22(i)(1)(i) did not require disclosure).

### 3. FDA Regulations Preempt Ms. Coburn's Claims.

Ms. Coburn's allegations demonstrate that the FDA regulations permit the Smoked Gouda label to omit a "flavored" qualifier. As an initial matter, while Ms. Coburn assumes section 101.22(i)(1)(i) applies to the Smoked Gouda, it does not apply, because the term "Smoked" refers to a manufacturing *process* and not a flavor. *Brockington v. Dollar Gen. Corp.*, -- F. Supp. 3d --, 2023 WL 6317992, at *7 (S.D.N.Y. Sept. 28, 2023) (21 C.F.R. § 101.22(i)(1)(i) is a flavoring regulation prescribing rules for foods that are "commonly expected to contain a characterizing ingredient" and "when the food does not contain a characterizing food ingredient, it need not use the qualifying language 'natural' or 'flavored'"). The FDA regulations thus authorize the label without a "flavored" qualifier. The allegations fail to demonstrate otherwise.

Even if this provision does govern "Smoked" cheese, Ms. Coburn fails to allege that this

10

regulation requires the addition of the "flavored" term here—it does not. The first circumstance, i.e., where the product contains "no such ingredient," does not apply. (Compl. ¶¶ 20, 31, 61 (alleging product contains "some" smoke).) The second circumstance only applies if the Smoked Gouda contains an amount of smoke insufficient to independently characterize the food as smoked, which Ms. Coburn fails to allege. *See* 21 C.F.R. § 101.22(i)(1)(i). In the absence of such allegations, her claims are preempted. *E.g.*, *Fahey*, 2021 WL 2816919, at *6; *Clark v. Westbrae Natural, Inc.*, 2021 WL 1580827, at *6 (N.D. Cal. Apr. 22, 2021) ("Plaintiff has not alleged and cannot allege that the Product does not have a sufficient amount of vanilla to independently characterize its vanilla flavor; thus, this subsection does not apply.").

### C. Ms. Coburn Fails to Satisfy Rule 9(b).

Ms. Coburn also fails to meet the heightened pleading standard to state her MMPA claim, which "must be pleaded with particularity." *Baryo v. Philip Morris USA, Inc.*, 435 F. Supp. 2d 961, 968 (W.D. Mo. 2006). Rule 9(b) "requires … the circumstances constituting fraud or mistake [] be stated with particularity, … includ[ing] such matters as the time, place and contents of false representations." *Comm. Prop. Invs., Inc. v. Quality Inns Int'l, Inc.*, 61 F.3d 639, 644 (8th Cir. 1995). *First*, she fails to sufficiently detail the circumstances of her purchase. She alleges only that she "purchased…the Product … in Missouri" (Compl. ¶ 53), without alleging, as she must, the number of times she purchased the Smoked Gouda, how many packages she purchased, where from, or any dates. *E.g.*, *Bennett v. Berg*, 685 F.2d 1053, 1062 (8th Cir. 1982) (dismissing for failure to allege "time, place and content of … alleged misrepresentations"). *Second*, she fails to allege with specificity how or why the disputed statements are false; instead, she admits they are true and fails to explain how they led her to believe "the Product's smoked taste was entirely from being smoked over hardwoods." (Compl. ¶ 61); *e.g.*, *Miller v. Nestle Purina Petcare Co.*, 2014 WL 307271, at *3 (E.D. Mo. Jan. 28, 2014) (dismissing under Rule

11

9(b) because "Plaintiff fails to detail … why [the alleged misrepresentations] were misleading").

## IV.  IN THE ALTERNATIVE, THE COURT SHOULD STAY.

In the alternative, the Court should order a stay pending the resolution of *Grimes* on two independent bases: (1) the first-filed rule; and (2) the Court's inherent discretion.

### A.  Under the First-Filed Rule, The Court Should Stay the Action.

The Court should stay this action under the first-filed rule.  "To conserve judicial resources and avoid conflicting rulings, the first-filed rule gives priority … to the party who first establishes jurisdiction." *Monsanto Tech. LLC v. Syngenta Crop Prot., Inc.*, 212 F. Supp. 2d 1101, 1102 (E.D. Mo. 2002).  "To determine the applicability of the rule, courts generally evaluate three factors: (1) the chronology of events, (2) the similarity of the parties involved, and (3) the similarity of the issues or claims at stake." *Mishkin v. Volkswagen Grp. of Am., Inc.*, 2022 WL 18664851, at *2 (E.D. Mo. Oct. 11, 2022).  The "rule is not intended to be rigid, mechanical, or inflexible" but, rather, "is to 'be applied in a manner best serving the interests of justice.'" *HRB Tax Grp., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 2012 WL 4363723, at *2 (W.D. Mo. Sept. 21, 2012).  "[I]n the absence of compelling circumstances," the rule applies, and the court has jurisdiction to dismiss, stay, or transfer. *Mishkin*, 2022 WL 18664851, at *1–2.  The rule amply applies and mandates a stay here.

*Chronology.*  The *Grimes* case was undisputedly filed a month before this action, so "the chronology of events favors [stay] of this case" until the *Grimes* case is resolved.  *Id* at *2.

*Similar Issues.*  Next, the claims in both cases "arise from the same conduct," which demonstrates textbook "substantial similarity." *Id.*; *Ostrander v. DST Sys., Inc.*, 2018 WL 10799300, at *2 (W.D. Mo. Feb. 2, 2018) (same).  Mr. Sheehan filed both *Grimes* and *Coburn* based on the same Smoked Gouda product; substantially similar claims, i.e., violation of consumer protection statutes and breach of warranty; and identical allegations that "the front

12

label statements of 'Smoked Gouda' and 'distinctive, smoky flavor' fail to disclose the addition of liquid smoke flavoring," and that plaintiffs "expected the Product's smoked taste was entirely from being smoked over hardwoods." (Compl. ¶¶ 26, 61; Ex. B ¶¶ 24, 50); *Mishkin*, 2022 WL 18664851, at *2 (class actions both alleging defendant "improperly manufactured, marketed, and sold certain [] vehicles" substantially similar). This factor weighs in favor of the rule.

***Similar Parties.*** Last, the parties here are "substantially similar." "[P]arties do not have to be identical," and "corporate affiliates" may be considered substantially similar parties. *Evans v. JP Morgan Chase Bank, N.A.*, 2014 WL 12600285, at *1 (W.D. Mo. Feb. 12, 2014); *see Monsanto*, 212 F. Supp. 2d at 1102–04 (applying first-filed rule where only one party was substantially similar). Defendants here are corporate affiliates—Kroger wholly owns Ralphs, the *Grimes* defendant, and they both sell the Smoked Gouda at issue. They are thus substantially similar. Further, where, as here, parties in both actions "represent the same interests," this factor favors application of the rule. *Ruey Lung Enter. Corp. v. Tempur-Pedic Int'l, Inc.*, 2009 WL 10675241, at *2 (C.D. Cal. Sept. 14, 2009); *e.g.*, *Gen. Comm. of Adjustment GO-386 v. Burlington N. R.R.*, 895 F. Supp. 249, 252 (E.D. Mo. 1995) ("[A]lthough the parties may differ in the cases, they are all [participants] in the railway industry with a significant stake in the resolution of this issue."). As plaintiffs in both actions represent *identical* interests—as consumers suing based on the allegedly misleading Smoked Gouda label—they, too, are substantially similar. *See Cardenasso v. Metro. Life Ins. Co.*, 2014 WL 1510853, at *10 (N.D. Cal. Apr. 15, 2014) (named plaintiffs who brought different state classes substantially similar where "both cases involve nearly identical issues").

No compelling circumstances preclude the rule here. To the contrary, the circumstances of this action further justify its application. Mr. Sheehan has been testing these cases in multiple

13

jurisdictions (*five* against Kroger and Ralphs alone), then voluntarily dismissing and adjusting allegations based on the roadblocks he hits along the way; as a consequence of this forum-shopping, Kroger has been forced to repeatedly and needlessly expend resources to defend itself in these serial actions (including after being forced to brief summary judgment, as in *Castle*). *See Merrick Bank Corp. v. Savvis, Inc.*, 2008 WL 5146660, at *5 (E.D. Mo. Dec. 8, 2008) ("[G]iv[ing] little, if any, deference" to plaintiff's chosen forum due to "perception of impermissible forum shopping"). Further, because the cases implicate the same legal and factual issues, the "potential for conflicting rulings as two separate courts grapple with the same controversy" likewise justifies a stay. *Nw. Airlines v. Am. Airlines*, 989 F.2d 1002, 1006 (8th Cir. 1993). The Court should accordingly stay this case.

  **B.**  **The Court Should Exercise Its Inherent Discretion to Stay This Action.**

In addition to the first-filed rule, the Court should exercise its inherent discretion to stay.

"[A] district court has discretion to determine whether a stay is necessary to avoid piecemeal, duplicative litigation and potentially conflicting results." *Asarco, LLC v. NL Indus., Inc.*, 2013 WL 12177089, at *3 (W.D. Mo. Mar. 18, 2013). "[T]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money." *Ferens v. John Deere Co.*, 494 U.S. 516, 531 (1990). "[T]he party moving for a stay has the burden of showing … inequity … that will result in the absence of a stay[.]" *Asarco*, 2013 WL 12177089, at *3.

Kroger demonstrates the inequity to justify a stay. As detailed, *supra* at 4–5, Mr. Sheehan has filed repeat cases based on the same product against Kroger in various jurisdictions, voluntarily dismissing (in some cases after Kroger has had to expend substantial time and expense to defend the meritless claims), then slightly tweaking the claims before testing them out in a new jurisdiction. *Id.* Mr. Sheehan's forum-shopping, attempts to get around

14

pleading amendment restrictions, and duplicative litigation demonstrate the inequity of forcing Kroger and Ralphs to litigate multiple identical actions separately. *Asarco*, 2013 WL 12177089, at *5 (ordering stay based on, *inter alia*, "duplicati[on] … that would waste the parties' and this Court's resources"). If the cases proceed simultaneously, the courts could issue conflicting rulings on identical issues, or even reach "inconsistent judgments" as to the Smoked Gouda label. *Id*. at *3–6 (ordering stay to avoid "inconsistent judgments"). Ms. Coburn will suffer little, if any, prejudice from a stay that allows the *Grimes* court to first reach resolution. The Court should accordingly order a stay.

| | |
|---|---|
| Dated: December 11, 2023 | DAVIS WRIGHT TREMAINE LLP |
| | By *s/ Jacob M. Harper* |
| | Jacob M. Harper (*pro hac vice* pending) |
| | Heather F. Canner (*pro hac vice* pending) |
| | Peter K. Bae (*pro hac vice* pending) |
| | 865 S. Figueroa Street, Suite 2400 |
| | Los Angeles, CA 90017-2566 |
| | Tel: (213) 633-6800 |
| | jacobharper@dwt.com |
| | heathercanner@dwt.com |
| | peterbae@dwt.com |
| | |
| | DAVIS WRIGHT TREMAINE LLP |
| | Kimberly M. Bousquet (#56829MO) |
| | 1300 SW Fifth Avenue, Suite 2400 |
| | Portland, OR 97201-5610 |
| | Tel: (503) 241-2300 |
| | kimbousquet@dwt.com |
| | |
| | *Attorneys for Defendant The Kroger Co.* |

15