UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **BRIDGET COBURN, Individually** and on Behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> **THE KROGER CO.,** <br><br> Defendant. | No. 4:23CV1399  HEA |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand, [Doc. No 16]. Defendant opposes the motion and Plaintiff has filed a reply to defendant's opposition. For the reasons set forth below, the motion is granted.

## Background

Plaintiff brought this class action in state court September 25, 2023, against Defendant. Plaintiff has since filed an Amended Complaint alleging violations of the Missouri Merchandising Practices Act (MMPA) and breach of express warranty. Plaintiff alleges Defendant engaged in false and deceptive representations and omissions practices selling its Private Selection brand Smoked Gouda. According to Plaintiff, the Product is "misbranded" and misleads consumers because "Smoked Gouda" and "distinctive, smoky flavor" fails to

inform purchasers that its smoked taste comes, in part, from added liquid smoke flavor. Plaintiff seeks compensatory damages, attorneys' fees and costs, and other further relief as the Court deems just, on behalf of a putative class of consumers who purchased the Product over a four-year period in Missouri . Defendant removed the case to this Court on November 2, 2023. Plaintiff moves for remand arguing jurisdiction is improper because Defendant has not met the amount-in-controversy requirement.

## Legal Standard

Removal of a civil action is proper if "the district courts of the United States have original jurisdiction" over the action. 28 U.S.C. § 1441(a). The Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d), provides this Court "with 'original jurisdiction' to hear a 'class action' if the class has more than 100 members, the parties are minimally diverse, and the 'matter in controversy exceeds the sum or value of $5,000,000.' " *Faltermeier v. FCA US LLC*, 899 F.3d 617, 621 (8th Cir. 2018) (quoting *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013)).

"The party seeking removal under CAFA bears the burden of establishing these jurisdictional requirements by a preponderance of the evidence." *Dammann v. Progressive Direct Ins. Co.*, 856 F.3d 580, 583 (8th Cir. 2017). "Under the preponderance standard, the jurisdictional fact is not whether damages are greater than the requisite amount, but whether a fact finder might legally conclude that

2

they are." *Bell v. Hershey Co.*, 557 F.3d 953, 959 (8th Cir. 2009) (internal quotation omitted). "There is no presumption against federal jurisdiction in class action cases, and 'if the notice of removal plausibly alleges,' and the evidence shows, that the case might be worth more than $5 million (excluding interest and costs), 'then it belongs in federal court.' " *Brunts v. Walmart, Inc.*, 68 F.4th 1091, 1094 (8th Cir. 2023) (quoting *Leflar v. Target Corp.*, 57 F.4th 600, 603 (8th Cir. 2023) (emphasis in original)). "A removing defendant can establish federal jurisdiction with 'specific factual allegations ... combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations.' " *Id.* (quoting *Waters v. Ferrara Candy Co.*, 873 F.3d 633, 636 (8th Cir. 2017)). "District courts must accept the allegations in the notice if they are made in good faith." *Leflar,* 57 F.4th at 604. If "the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Bell*, 557 F.3d at 956.

## Discussion

Plaintiff argues that Defendant fails to plausibly allege the amount in controversy. Specifically, Plaintiff takes issue with Defendant's reliance on all Private Selection cheese sales since the Amended Complaint is based only on the labeling of a single product, Private Selection Smoked Gouda.

3

Defendant initially suggests the Court should aggregate the cases which have been filed in different jurisdictions which challenge the labeling of Defendant's Private Selection Smoked Gouda, citing *Castle v. The Kroger Co.*, 634 F. Supp. 3d 539, 541 (E.D. Wis. 2022), *Kinman v. The Kroger Co.*, 604 F. Supp. 3d 720, 725 (N.D. Ill. 2022), *Avigne et al. v. The Kroger Co.*, No. 22-cv-11889 (E.D. Mich. 2022), *Brownell v. The Price Chopper, Inc.*, No. 006951/2023 (N.Y. 2023), *Buechler v. Albertsons Cos., Inc.*, No. 22-cv-2717 (D. Md.), *Vesota v. Aldi Inc.*, No. 21-cv-3574 (N.D. Ill.), *Watson v. Dietz & Watson Inc.*, No. 20-cv-6550 (S.D.N.Y.), and *Grimes v. Ralphs Grocery Co.*, No. 23-cv-09086 (C.D. Cal.). Defendant argues the Court should adopt, for CAFA jurisdictional analysis, calculation based on the total damages sought in all related cases.

As Plaintiff points out, Defendant recognizes the Eighth Circuit has "not yet weighed in on" whether the Court should aggregate multi-district cases alleging the same type of mislabeling. The Court is of the opinion that reaching across state lines to satisfy this Court's CAFA jurisdictional amount in controversy is a stretch not sanctioned by the Eighth Circuit and one which exceeds the intent of the statutes' territorial purposes.

Defendant next argues Plaintiff's damages claim satisfies the amount in controversy requirement under the CAFA. Defendant argues Plaintiff "may" claim the entire line of Private Selection cheeses are mislabeled based on the same

allegations. Defendant submits the declaration of its Senior Category Strategy Manager, Mark Lugbill, to establish that its sales of Private Selection cheeses during the class period in excess of $1.5 million.

Defendant's reliance on the entire Private Selection line of cheeses misses the mark. Plaintiff's Amended Complaint clearly sets out that she is only claiming mislabeling of the Smoked Gouda variation of Defendant's product. Nowhere in the Amended Complaint does it attempt to recover damages for any product other than the Smoked Gouda. What Plaintiff "may" claim is not at issue, rather, what Plaintiff claims in her Amended Complaint is the basis for the Court's amount in controversy determination.

Likewise, Plaintiff's Amended Complaint claims she did not receive the benefit of her bargain. Plaintiff claims she purchased the Smoked Gouda based on her belief that the smoked flavor came entirely from hardwood smoking of the cheese, rather than some added smoke flavoring. She claims that what she purchased at a premium price is not what was contained in the ten-piece package. Plaintiff does not dispute she received ten pieces of cheese; she claims she did not receive entirely wood smoked cheese. Ergo, her damages are the difference in value between hard wood smoked gouda and partially wood smoked and partially flavored smoked gouda.  She does not seek a refund of the purchase price; she seeks the difference between the two types of smoked gouda.

5

Defendant has not provided proof of the specific sales figures for the product at issue nor has it submitted any proof the value of the allegedly mislabeled cheese vis a vis the cheese Plaintiff thought she was buying. As such, Defendant's removal petition fails to plausibly establish that the jurisdictional amount in controversy is met. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 82, 89 (2014).

Because Defendant has not plausibly shown that this case meets CAFA's jurisdictional minimum amount in controversy, the motion to remand is well taken.

## Conclusion

Because Defendant has not shown by a preponderance of the evidence that the amount in controversy exceeds CAFA's jurisdictional minimum, the Court lacks jurisdiction over this case under 28 U.S.C. § 1332(d), and remand must be granted.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion to Remand, [Doc. No.9], is granted.

Dated this 26th day of September, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE