# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **BRIDGET COBURN, Individually** ) <br> **and on Behalf of all others similarly** ) <br> **situated,** ) <br> ) <br>     **Plaintiff,** ) <br> ) <br>        v. ) <br> ) <br> **THE KROGER CO.,** ) <br> ) <br>     **Defendant.** ) | No. 4:23CV1399  HEA |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's *Ex Parte* Motion to Stay, [Doc. No. 41]. For the reasons set forth below, the motion is granted.

### Background

Plaintiff brought this class action in state court September 25, 2023, against Defendant. Plaintiff has since filed an Amended Complaint alleging violations of the Missouri Merchandising Practices Act (MMPA) and breach of express warranty. Plaintiff alleged Defendant engaged in false and deceptive representations and omissions practices selling its Private Selection brand Smoked Gouda.

On November 2, 2023, Kroger filed a Notice of Removal in this matter alleging that the case satisfied jurisdiction under the Class Action Fairness Act

(CAFA), 28 U.S.C. § 1332(d), including the $5 million amount in controversy threshold.

On December 4, 2023, Plaintiff filed a motion to remand contending that Defendant failed to satisfy CAFA's $5 million amount in controversy requirement.

On September 26, 2024, the Court issued its order granting the motion for remand, and ordered the action remanded to state court.

Pursuant to 28 U.S.C. § 1453(c), Defendant filed a Petition for Permission to Appeal with the Eighth Circuit, which requests review of the Order granting remand before the Eighth Circuit. Defendant contacted Plaintiff's attorney on October 9, 2024, inquiring whether Plaintiff and her attorney would stipulate to a stay of the remand order pending resolution of the appeal. No stipulation has been entered in that regard.

**Discussion**

Pursuant to 28 U.S.C. § 1453(c)(1), a party may seek review of an order granting or denying a motion to remand in class action cases. Defendant has petitioned the Eighth Circuit for such a review.

A district court is ordinarily divested of jurisdiction over a case when it enters an order of remand because an order of remand is generally not reviewable on appeal. See 28 U.S.C. § 1447(d). Congress has, however, authorized federal

2

courts of appeals to exercise their discretion to accept an appeal from an order of remand in CAFA cases. See 28 U.S.C. § 1453(c). For this reason, the Court retains jurisdiction to reopen this case for the limited purpose of staying the order of remand. See, e.g., *Brunts v. Walmart Inc.*, No. 4:22 CV 1043 RWS, 2022 WL 17978413, at *1–2 (E.D. Mo. Dec. 28, 2022)  *Raskas v. Johnson & Johnson*, Nos. 4:12 CV 2174 JCH, 4:12 CV 2266 HEA, 4:12 CV 2307 CDP, 2013 WL 1818133, at *1 (E.D. Mo. Apr. 29, 2013).

When deciding whether to grant a motion to stay pending appellate review, the Court must consider four factors: "(1) the likelihood that the moving party will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *Brunts*  2022 WL 17978413, at *1: *Banks v. Cotter Corporation (N.S.L.)*, No. 4:20-CV-01227, 2021 WL 677912, at *1 (E.D. Mo. Feb. 22, 2021). The Court  must " 'consider the relative strength of the four factors, balancing them all.' " *Id*. (quoting *Raskas*, 2013 WL 1818133, at *2).

Considering applicable factors, the Court concludes that a stay of the order of remand is appropriate. Defendant has demonstrated an adequate likelihood of success on the merits of its appeal, assuming the Eighth Circuit grants its petition under 28 U.S.C. § 1453(c). A stay will also avoid harm to the parties by preventing

3

them from expending resources litigating the case simultaneously in state court and on appeal to the Eighth Circuit and protecting against the potential for inconsistent outcomes should the state court rule on any motions while the appeal is pending. It is also significant that Plaintiff will not be harmed by a delay caused by a stay because 28 U.S.C. § 1453(c) provides for an expedited appellate review process. Finally, the public interest favors granting a stay because a stay will avoid potentially duplicative litigation, thereby conserving judicial resources and promoting judicial economy. For these reasons, the motion will be granted.

## Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Ex Parte* Motion to Stay the Court's September 26, 2024 Order of Remand [Doc. No. 41] is **granted**.

Dated this 24th day of October, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE